

Before BOWMAN and FAGG, Circuit Judges, and VIETOR,* District Judge.

[UNPUBLISHED]

PER CURIAM.

After they were terminated in a reduction in force (RIF), seven former employees of ABB Power T & D Company brought this lawsuit alleging the RIF was a pretext for age discrimination. The district court ** granted summary judgment to ABB Power, concluding the RIF was a bona fide exercise of business judgment and the former employees failed individually to show they were discriminated against because of their age. The employees challenge the summary judgment decision on appeal, asserting the district court failed to consider certain evidence, to discount other evidence, to draw all reasonable inferences in their favor, and to apply the law correctly. We reject these assertions. Having carefully reviewed the evidence about each former employee and assuming that each former employee established a prima facie case, we agree with the district court's analysis that no reasonable jury could conclude ABB Power's stated reasons for the employees' layoffs were a pretext for age discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148–49, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The former employees argue the district court failed to apply *Reeves,* which the Supreme Court decided six days after the district court's ruling. Although the district court recited Eighth Circuit law displaced by *Reeves,* the district court's decision is in keeping with the *Reeves* decision. We thus conclude the district court correctly granted summary judgment, and affirm without extended discussion. *See* 8th Cir. R. 47B.

**Thomas Mark ZINNA, Appellant,**

v.

**Dave DORMIRE, Superintendent, Jefferson City Correctional Center, Appellee.**

No. 00–3680.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 2001.

Decided April 18, 2001.

* The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, sitting by designation.

** The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Before BOWMAN and FAGG, Circuit Judges, and PIERSOL,* District Judge.

* The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

PER CURIAM.

Thomas Mark Zinna was convicted of second-degree burglary, stealing firearms, and second-degree property damage in Missouri state court. He was sentenced as a persistent offender to imprisonment for forty years and six months. After exhausting his state court remedies, Zinna filed a federal habeas petition. The district court ** denied relief, but granted a certificate of appealability on one claim: whether trial counsel was ineffective in failing to call coperpetrator Billy Long as a witness. During a state postconviction hearing, Long testified he would have told the jury Zinna was not involved in the robbery because he was sleeping at a motel at the time. At the same hearing, Zinna's trial attorney testified that several days before trial, Long told him, "I am going to hurt you. I am not going to help you." The state postconviction court found the attorney discussed the possibility of Long testifying with Zinna and he chose not to call Long as a witness as a matter of trial strategy. The court also heard Long's testimony and found he lacked credibility.

On appeal, Zinna concedes the record supports the attorney's testimony at the postconviction proceeding, but argues Long's testimony there rendered counsel's decision not to call Long at trial unreasonable. We conclude the state courts did not unreasonably apply federal law in denying Zinna postconviction relief because the performance of Zinna's attorney was not deficient. *See* 28 U.S.C. § 2254(d)(1); *Strickland v. Washington,* 466 U.S. 668, 689–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Besides, Zinna cannot

** The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

establish the allegedly deficient performance prejudiced him, given the overwhelming evidence of his guilt. *See id.* at 694–95, 104 S.Ct. 2052. We thus affirm the district court's denial of Zinna's habeas petition.

A true copy.

**Matthew M. TENSLEY, Appellant,**

v.

**Herb MASCHNER, Appellee.**

**No. 00–1527.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 2001.

Filed April 20, 2001.

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

PER CURIAM.

An Iowa jury found Matthew M. Tensley guilty of eight burglary offenses and one assault based on a series of residential burglaries committed in Davenport in the summer of 1992. After the Iowa courts affirmed Tensley's convictions and denied him postconviction relief, he initiated this 28 U.S.C. § 2254 habeas petition. As relevant to this appeal, he claimed that his trial counsel rendered ineffective assistance by failing to object to, and to have recorded, the prosecutor's allegedly improper closing argument. The district court[1] denied relief, Tensley appeals, and we affirm.

Following careful review, *see Forest v. Delo,* 52 F.3d 716, 721 (8th Cir.1995), we agree with the district court that Tensley's claim of ineffective assistance fails because he did not demonstrate he was prejudiced by counsel's alleged deficient performance, *see Strickland v. Washington,* 466 U.S. 668, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial evidence of Tensley's guilt was strong, and the jury was properly instructed after the alleged prosecutorial misconduct occurred. *See Kellogg v. Skon,* 176 F.3d 447, 451–52 (8th Cir.1999) (during closing argument, prosecutor mis-

---

**1.** The Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).